[Cite as *Johnson v. Cuyahoga Cty. Dept. of Law*, 2026-Ohio-2877.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| STEPHEN E. JOHNSON | Case No. 2026-00005PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| CUYAHOGA COUNTY DEPARTMENT OF LAW | |
| Respondent | |

{¶1} In this public-records case, requester, a self-represented litigant, and respondent Cuyahoga County Department of Law, through counsel, have separately objected to a special master's report and recommendation. Because, under the authority of *White v. Ross Corr. Inst.*, 2026-Ohio-1002, ¶ 27-28 (10th Dist.), requester has not lodged timely objections to the report and recommendation, requester's objections are not properly before the court and requester's objections shall not be considered by the court. Because, in this case, based on the court's independent review, the special master's recommendation to split court costs between requester and respondent Cuyahoga County Department of Lawis is not equitable, respondent Cuyahoga County Department of Law's limited objection shall be sustained.

## I.     Background and Procedural History

{¶2} On January 2, 2026, pursuant to R.C. 2743.75(D), requester Stephen E. Johnson filed a complaint against respondent Cuyahoga County Law Department and respondent Cuyahoga County Court of Common Pleas, Division of Domestic Relations, alleging he was denied access to public records in violation of R.C. 149.43(B). After requester filed his complaint, the clerk appointed a special master in this cause.

{¶3} On January 14, 2026, the special master issued a Recommendation For Partial Dismissal, recommending that respondent Cuyahoga County Court of Common

Pleas be dismissed because requester failed to state a claim against that respondent under the Ohio Public Records Act and recommending that requester bear the costs of his action against that respondent.  The next day, on January 15, 2026, after the court found the special master's recommendations to be well taken, the court dismissed the claims against respondent Cuyahoga County Court of Common Pleas with prejudice, and assessed costs related to that dismissal against requester.  The court ordered that requester's remaining claims against respondent Cuyahoga County Department of Law should proceed under the process established by R.C. 2743.75.

{¶4} The special master thereafter referred the matter to mediation.  After mediation failed to resolve all disputed issues between the parties, the case was returned to the special master's docket, and the special master issued a briefing schedule for the presentation of evidence and argument.

{¶5} On April 14, 2026, respondent Cuyahoga County Department of Law moved for an order of dismissal on grounds that requester's complaint is procedurally defective because (1) requester failed to comply with a pre-filing notice requirement of R.C. 149.43(C)(1) and (2) respondent has no responsive records to produce.  Requester opposed respondent's motion.

{¶6} On May 11, 2026, the special master issued a report and recommendation (R&R) in which the special master has recommended (1) granting respondent Cuyahoga County Law Department's motion to dismiss pursuant to R.C. 149.43(C)(2), and (2) ordering the parties to split the costs of this case.  (R&R, 1, 8.)  Three days later, on May 14, 2026, respondent Cuyahoga County Law Department filed a timely limited written objection to the special master's report and recommendation.  According to a certificate of service accompanying respondent's limited objection, respondent's counsel served a copy of the objections on requester "via certified mail, return receipt requested." Requester has not filed a response to respondent's limited objection.

{¶7} Five days after respondent Cuyahoga County Law Department filed its limited objection, on May 19, 2026, requester filed written objections to the special master's report and recommendation.  According to a certificate of service accompanying requester's objections, requester served a copy of his objections on respondent's counsel

by "USPS Mail and electronic mail."  Respondent has not filed a response to requester's objections.

{¶8} Both parties' objections are before the court for a final order in accordance with R.C. 2743.75(F)(2).  *See* R.C. 2743.75(F)(2) (providing that this court. "within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation").

## II.    Law and Analysis

### A.  Legal standard

{¶9} The General Assembly, as the legislative branch of Ohio government, is the ultimate arbiter of policy considerations relevant to Ohio public-records laws.  *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44.  Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes.  *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11.  *See* R.C. 2743.75(A).

{¶10} Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence."  *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.).  *See Welsh-Huggins* at ¶ 32.  It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent.  *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.  *See also Cross v. Ledford*, 161 Ohio St. 469 (1954) (paragraph three of the syllabus) (holding that "[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶11} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Supreme Court of Ohio held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

**B. Discussion**

{¶12} Under R.C. 2743.75(F)(2) a party's objections to a special master's report and recommendation are required to be "specific and state with particularity all grounds for the objection." *See* R.C. 2743.75(F)(2).

**1. Respondent Cuyahoga County Department of Law's limited objection has merit.**

{¶13} In response to an order of the court, on May 19, 2026, respondent filed a copy of the receipt of the certified mailing of its limited objection.[1] The court takes judicial notice that, according to the website of the United States Postal Service (USPS), on May 26, 2026, the United States Postal Service issued a reminder to arrange for redelivery of respondent's item that respondent sent to requester.[2] Based on the court's review of the

---

[1]      Respondent has provided the court with USPS tracking number: 95890710527006061610407.

[2]      Judicial notice has been defined as a "court's acceptance for the purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact." *Black's Law Dictionary* (12th Ed. 2024). *See In re M.L.-P.*, 2024-Ohio-5346, ¶ 20 (2nd Dist.) (noting that judicial notice permits a court to dispense with proof by evidence where the court is justified in declaring the truth of the matter without requiring evidence). *See* Evid.R. 201(A) (establishing that Evid.R. 201 governs judicial notice of adjudicative facts, i.e., the facts of a case).

In *In re M.L.-P.*, 2024-Ohio-5346, ¶ 20 (2nd Dist.), the Second District Court of Appeals discussed the concept of judicial notice and noted that

USPS's website, respondent has not arranged for redelivery of its item. (https://tools.usps.com/tracking/9589071052700601610407 (accessed 6/8/2026)).

{¶14} R.C. 2743.75 "provides for 'an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)." *Kidd v. City of Wilmington*, 2026-Ohio-978, ¶ 14 (12th Dist.); *Law Office of Josh Brown, LLC v. Ohio Secy. of State*, 2025-Ohio-2130, ¶ 9 (10th Dist.). *See* R.C. 2743.75(A). To accomplish this goal, R.C. 2743.75 "lays out a streamlined litigation procedure." *Kidd* at ¶ 14; *Law Office of Josh Brown, LLC* at ¶ 9.

{¶15} Notably, under Ohio law, a party involved in litigation "cannot simply sit back and claim ignorance of the proceedings. Instead, a party to an action must keep himself informed of the status of the case." *PHH Mtge. Corp. v. Northup*, 2011-Ohio-6814, ¶ 22 (4th Dist.). *Accord Am. Express Natl. Bank v. Bush*, 2020-Ohio-4424, ¶ 32 (11th Dist.) (recognizing that litigants have an obligation to know what is on a court's docket and are expected to keep themselves informed of the progress of a case). The court concludes that an expectation for a litigant to keep informed about the progress of a case also exists in a public-records proceeding brought under R.C. 2743.75, especially given that the public-records proceeding in R.C. 2743.75, as envisioned by the General Assembly, is supposed to be "expeditious." *See* R.C. 2743.75(A); *Kish* v. *City of Akron*, 2006-Ohio-1244, ¶ 44 (General Assembly is the ultimate arbiter of policy considerations relevant to Ohio public-records law). Here, respondent Cuyahoga County Department of Law, through counsel, ostensibly has failed to keep itself informed about the status of its certified mailing to requester.

{¶16} Despite this oversight, a review of respondent Cuyahoga County Department of Law's limited objection to the special master's recommendation to split court cost

---

"[j]udicial notice permits a court to dispense with proof by evidence where the court is justified in declaring the truth of the matter without requiring evidence." (Citations omitted.) *McKenzie v. Davies*, 2009-Ohio-1960, ¶ 22 (2d Dist.). "The taking of judicial notice is governed by Evid.R. 201." *Id.* Pursuant to Evid.R. 201(B): "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *State v. Fox*, 2023-Ohio-1912, ¶ 25 (2d Dist.), citing Evid.R. 201(B). A court may take judicial notice at any stage of the proceeding whether it is requested or not. Evid.R. 201(C) and (F).

nonetheless is meritorious—although for different reasons than those offered in the limited objection. By the limited objection, respondent Cuyahoga County Department of Law maintains that the cost-splitting recommendation is contrary to the plain text of R.C. 2743.75(F)(3), which, according to respondent Cuyahoga County Department of Law, is the only provision of the statute authorizing any cost recovery and which conditions costs on a finding that the public office violated R.C. 149.43(B).

{¶17} In addition to R.C. 2743.75(F)(3), Ohio case law, however, authorizes a court to tax court costs as part of a judgment. Almost sixty years ago, in *Strattman v. Studt*, 20 Ohio St.2d 95, 103 (1969), the Supreme Court of Ohio explained, "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *Strattman v. Studt*, 20 Ohio St.2d 95, 103 (1969). In *Strattman* at paragraph six of the syllabus, the Supreme Court of Ohio held, "The duty to pay court costs is a civil obligation arising from an implied contract." Here, by being involved in this R.C. 2743.75 proceeding, respondent Cuyahoga County Department of Law became liable for the payment of court costs by implied contract, if taxed as a part of this court's judgment.

{¶18} In support of the recommendation to split court costs, the special master states,

> Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. I do not specifically find a violation of the Public Records Act because I recommend dismissal based on R.C. 149.43(C)(2). The Law Department, however, provided a final response to the public-records request at issue after this case was filed. *Resp. Ev.,* p. 40 ,l 6-10. Therefore, I recommend that the costs of the case be split between the parties. *Anthony v. Columbus City Schools,* 2021-Ohio-3241, ¶16 (Ct. of Cl.).

(R&R, 7-8.)

{¶19} In *Anthony* at ¶ 16, which the special master has cited in support of the recommendation to split court costs, this court noted, "A recommendation for an equal apportionment of court costs is equitable." (Footnote omitted.) Here, however, based on

the court's independent review, the court finds that, in this instance, a splitting of court costs between requester and respondent Cuyahoga County Department of Law is not equitable, given that the special master (1) found no violation of the Ohio Public Records Act (R&R, 7), (2) recommended granting respondent Cuyahoga County Department of Law's motion to dismiss (R&R, 8), and (3), under R.C. 2743.75(E)(2), a respondent is afforded an opportunity to litigate a public-records case.  *See* R.C. 2743.75(E)(2) (permitting a respondent to file a response to a complaint and move for dismissal).  It is also established under Ohio law that an assessment of court costs should not be punitive. *See State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 7 (recognizing that court cost are not punishment); R.C. 149.43(C)(4)(a)(i) and (ii) (providing that, in a mandamus action seeking public records filed under R.C. 149.43(C)(1), court costs should be construed as remedial and not punitive).  The court disagrees with the special master's recommendation to split court costs between requester and respondent Cuyahoga County Department of Law.

{¶20} Respondent Cuyahoga County Department of Law's limited objection shall be sustained.

## 2. Requester's objections are not properly before the court based on *White v. Ross Corr. Inst.*, 2026-Ohio-1002 (10th Dist.).

{¶21} In the report and recommendation, after reviewing the evidence, the special master concluded that requester failed to serve a pre-filing complaint, as required by R.C. 149.43(C)(1).  (R&R, 7).  The special master reasoned that requester therefore could not affirm proper transmission, as required by R.C. 149.43(C)(2), and that, without affirmation of proper transmission, requester's complaint in this court should be dismissed pursuant to R.C. 149.43(C)(2).  (R&R, 7.)

{¶22} Requester asserts six objections to the report and recommendation:

1. OBJECTION NO. 1: THE RECOMMENDATION MISCHARACTERIZES THE EVIDENCE OF SERVICE AND PRE-FILING NOTICE.

2. OBJECTION NO. 2: THE RECOMMENDATION IMPROPERLY TREATS A DISPUTED PROCEDURAL ISSUE AS A MERITS DETERMINATION.

3. OBJECTION NO. 3: RESPONDENT MISCHARACTERIZED THE SCOPE OF THE UNDERLYING RECORDS REQUEST.

4. OBJECTION NO. 4: THE RECOMMENDATION FAILS TO DISTINGUISH BETWEEN "NO RECORDS EXIST" AND "NOT MAINTAINED BY THIS OFFICE."

5. OBJECTION NO. 5: DISPUTED FACTUAL QUESTIONS MAKE DISMISSAL IMPROPER.

6. OBJECTION NO. 6: RESPONDENT'S OWN POST FILING RESPONSE DEMONSTRATES THAT THE REQUESTS WERE CAPABLE OF RESPONSE AND WERE NOT FATALLY DEFECTIVE.

{¶23} According to a certificate of service accompanying requester's objections, requester has certified that he served a copy of his objections on respondent's counsel by "USPS Mail and electronic mail." (Certificate of Service Accompanying Requester's Objections.) Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and *sending a copy to the other party by certified mail, return receipt requested*." (Emphasis added.) Service by "USPS Mail and electronic mail" is not service by certified mail, return receipt requested.

{¶24} In *White v. Ross Corr. Inst.*, 2026-Ohio-1002, ¶ 27-28 (10th Dist.), the court of appeals found that this court exceeded its statutory role in a public-records case by independently reviewing submitted evidence, because objections to a special master's report and recommendation were not served by certified mail, return receipt requested, as mandatorily required by R.C. 2743.75(F)(2). *White* at ¶ 28.[3] In *White* at ¶ 27 the court of appeals established the standard of review that should have been applied, explaining:

> Ultimately, then, we find neither party timely lodged objections to the special master's July 22, 2025 report and recommendation in the manner prescribed by R.C. 2743.75(F)(2). In the absence of objections properly

---

[3] *White* states at ¶ 28:

Because the language requiring service of objections to a special master's report and recommendation "by certified mail, return receipted requested" is mandatory under R.C. 2743.75(F)(2), we find the trial court erred in considering ODRC's objections and issuing an order that exceeded its statutory role in determining whether "there is an error of law or other defect evident **on the face** of the report and recommendation." (Emphasis added.) R.C. 2743.75(F)(2).

before the court, the trial court was required to "adopt[] the report and recommendation, unless it determines that there is an error of law or other defect evident *on the face* of the report and recommendation." (Emphasis added.) R.C. 2743.75(F)(2). However, here, the trial court fully considered each of ODRC's objections by independently reviewing the submitted evidence. …

{¶25} On the authority of *White* at ¶ 27-28, the court finds that requester has not lodged timely objections to the special master's report and recommendation in the mandatory manner prescribed by R.C. 2743.75(F)(2).[4]  Requester's objections therefore shall not be considered by the court.  If the court were to consider requester's objections, then the court would exceed its statutory role.  *White* at ¶ 28.  On the authority of *White*, and applying the standard set forth in *White* at ¶ 27, the court finds that there is no error of law or other defect evident on the face of the special master's report and recommendation issued on May 11, 2026, with regard to the special master's recommendations concerning requester.

### III.    Conclusion

{¶26} Accordingly, for reasons set forth above, the court holds that (1) respondent Cuyahoga County Department of Law's limited objection is SUSTAINED and, (2), on the authority of *White*, *supra*, requester's objections to the report and recommendation are not properly before the court.  Because requester's objections are not properly before the court, the court renders no determination on requester's objections.  The court ADOPTS, IN PART, and REJECTS, IN PART, the special master's report and recommendation issued on May 11, 2026.  In accordance with the special master's recommendation, the court GRANTS respondent Cuyahoga County Department of Law's motion to dismiss filed on April 14, 2026.  Requester's claims against respondent Cuyahoga County Department of Law are DISMISSED without prejudice.[5]  With respect to remaining court

---

[4]     *See Morris v. City of Cleveland*, Ct. of Cl. No. 2025-00959PQ (March 31, 2026) (following *White*); *Bernadine K. Kent v Ohio Dept. of Edn. and Workforce*, Ct. of Cl. No. 2025-00977PQ (April 2, 2026) (following *White*).

[5]     Given requester's failure to comply with a procedural requirement of R.C. 149.43(C)(1), and in accordance with R.C. 149.43(C)(2), the court concludes that a dismissal of requester's claims against respondent Cuyahoga County Department of Law without prejudice is appropriate.  *Accord Souare v. Ohio*

costs that have not been assessed, see entry dated January 15, 2026 (assessing court costs), the court rejects the special master's recommendation to split court costs between requester and respondent Cuyahoga County Department of Law.  The court ORDERS that remaining court costs that have not been already assessed shall be absorbed the court.  The court finds that, in this instance, an assessment of remaining court costs against requester would be inequitable, since requester has been deprived of an opportunity to meaningfully respond to respondent Cuyahoga County Department of Law's limited objection due to the apparent non-delivery of respondent Cuyahoga County Department of Law's limited objection to requester by the United States Postal Service. *See generally Schulte v. City of Beavercreek*, 1999 Ohio App. LEXIS 4433, at *7 (2nd Dist. Sep. 24, 1999) ("[i]n its most fundamental form, procedural due process demands that an individual must receive notice and a meaningful opportunity to be heard").  The court finds that, in this instance, no material prejudice will result to requester because court costs shall be absorbed by the court, notwithstanding that requester has not filed a response to the limited objection. *Compare Taylor v. State Med. Bd. of Ohio*, 2010-Ohio-5560, ¶ 27 (10th Dist.). (in order to find a due process violation, the plaintiff-appellant was required to show more than a mere delay, but also material prejudice).

{¶27} Pursuant to the court's entry of January 15, 2026, requester's claims against respondent Cuyahoga County Court of Common Pleas are DISMISSED with prejudice, and court costs related to the dismissal against respondent Cuyahoga County Court of Common Pleas are assessed against requester.

{¶28} The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

---

*Dept. of Dev. Disabilities*, 2026-Ohio-1318, ¶ 18 (Ct. of Cl.). *Compare Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, paragraph two of the syllabus ("[a] dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice").  *See State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst.*, 2025-Ohio-4803, ¶ 11 ("[a] dismissal of a case that is not on the merits must be without prejudice"); *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2 ("[a] dismissal with prejudice is treated as an adjudication on the merits. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St. 3d 67, 69, 551 N.E.2d 122, 124").

_____
LISA L. SADLER
Judge


**Filed June 9, 2026**
**Sent to S.C. Reporter 7/27/26**